994 F.2d 843
 83 Ed. Law Rep. 962
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Carmen M. LAFFEY, Appellant,
v.
ST. PAUL TECHNICAL VOCATIONAL INSTITUTE; INDEPENDENT SCHOOL
DISTRICT, # 625, Appellee.
 No. 92-3231.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 21, 1993.
Filed: May 13, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carmen M. Laffey appeals from the final judgment entered in the United States District Court[1] for the District of Minnesota, in favor of Independent School District No. 625 (school district) in Laffey's Title VII employment discrimination action. Laffey v. Independent Sch. Dist., 806 F. Supp. 1390 (D. Minn. 1992). Laffey, a Mexican-American female, alleged that she was employed as a business instructor by the St. Paul Technical Vocational Institute (TVI), a school in the school district from 1975 until August 1988, when she was constructively discharged because of discriminatory treatment. She alleged she was discriminated against on the basis of her race and national origin relating to her teaching assignments, vacation, sabbatical leave, and evaluations, and she was subjected to disparate treatment by the school administration.
 
 
 2
 Following a three-day trial, the magistrate judge entered judgement for the school district. We have carefully reviewed the record, including the trial transcript, and, finding no error in the magistrate judge's findings of fact or conclusions of law, we affirm the judgment. See 8th Cir. R. 47B.
 
 
 3
 The school district's motion to dismiss this appeal for lack of jurisdiction is denied.
 
 
 
 [1]
 The Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)